RENDERED:  APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1426-MR

LENWOOD HOWELL,
INDIVIDUALLY AND AS THE
EXECUTOR/ADMINISTRATOR OF
THE ESTATE OF CORA HOWELL                                    APPELLANTS


                        APPEAL FROM LAWRENCE CIRCUIT COURT
v.                      HONORABLE JOHN DAVID PRESTON, JUDGE
                        ACTION NO. 17-CI-00211


PROGRESSIVE NORTHERN
INSURANCE COMPANY; ADRIAN O.
TURNER; AND GILL & SANDHU,
INC.                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, JONES, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Lenwood Howell, individually and as administrator of the

Estate of Cora Howell, appeals the Lawrence Circuit Court's August 23, 2019

order granting Progressive Northern Insurance Company's motion for summary

judgment. Howell argues Progressive insured a vehicle that struck the vehicle in which he and his wife were traveling. The circuit court, after examining the contract of insurance, concluded it was not. Howell believes the contract language is sufficiently ambiguous to prevent judgment as a matter of law.

Because we agree with the circuit court that the contract is not ambiguous, and that Progressive is entitled to judgment, we affirm.

## BACKGROUND

On February 26, 2017, a tragic collision occurred at the intersection of Highway 3 and U.S. 23 in Louisa, Kentucky. Adrian Turner, an employee of Gill & Sandhu, Inc., ran a red light, driving a 2013 Freightliner. His vehicle struck the car in which Lenwood and Cora Howell were traveling. Cora died from the accident and Lenwood suffered serious injuries.

Lenwood sued Turner and Gill & Sandhu on his own behalf and on behalf of his wife's estate. Gill & Sandhu contracted with Progressive to provide liability insurance for certain of its vehicles. Gill & Sandhu was identified as the "Designated Insured" and Turner as identified as a "rated driver."

On June 28, 2019, an agreed judgment was entered for $2,000,000 against Turner and Gill & Sandhu Inc. Insurance by a different insurer, Northland Insurance, covered $920,000 of the settlement, leaving a balance of $1,080,000.

Lenwood sought the amount from Progressive which argued the vehicle Turner was driving was not covered under the policy it issued to Gill & Sandhu.

The circuit court heard arguments on the summary judgment motion and concluded the vehicle involved in the accident was not covered under the policy. This appeal followed.

## STANDARD OF REVIEW

"Because summary judgment does not require findings of fact but only an examination of the record to determine whether material issues of fact exist, we generally review the grant of summary judgment without deference to either the trial court's assessment of the record or its legal conclusions." *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010) (citing *Malone v. Ky. Farm Bur. Mut. Ins. Co.*, 287 S.W.3d 656, 658 (Ky. 2009)).

## ANALYSIS

Gill & Sandhu is an insured under a contract of insurance issued by Progressive. Lenwood claims that such contract insures the liability arising from the accident that caused his wife's death and his injuries. He argues the contract is ambiguous and, under the doctrine of reasonable expectations, it must be construed by the courts as providing coverage.

Notwithstanding that this doctrine "resolves an insurance-policy ambiguity in favor of the *insured's* reasonable expectation," *True v. Raines*, 99

S.W.3d 439, 443 (Ky. 2003) (emphasis added), Lenwood's first task is to convince this Court there is an ambiguity. "[T]he mere fact that [a party] attempt[s] to muddy the water and create some question of interpretation does not necessarily create an ambiguity[.] Only actual ambiguities, not fanciful ones, will trigger application of the doctrine." *Id.* (citations and internal quotation marks omitted).

"A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002). Based on that definition, and considering all undisputed material facts, this insurance contract is not ambiguous.

> The language of the policy pertinent to our review is as follows:
>
> [Progressive] will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" *and resulting from the ownership, maintenance, or use of a covered "auto"*.[1]

(Policy Endorsement; Record (R.) 567) (emphasis added).

Section I of the policy defines "COVERED AUTOS" and limits coverage to "SPECIFICALLY DESCRIBED AUTOS" identified as "[o]nly those autos described in . . . the Declarations for which a premium charge is shown . . . ."

---

[1] The policy defines the term "auto" broadly to include the type of vehicle Turner was driving at the time of the accident – "A land motor vehicle, trailer or semi-trailer designed for travel on public roads . . . ." (R. 561).

-4-

(R. 548). The Declarations identify and charge a premium for three autos, none of which is the vehicle Turner was driving when he collided with Lenwood's vehicle. (R. 626).

The circuit court found as fact that "[n]either the 2013 Freightliner nor the trailer involved in the accident of this case were listed on the declarations page of the Progressive policy." Lenwood does not contest that finding of fact because it is incontrovertible.

We agree with the circuit court that policy coverage applied only to accidents "resulting from the . . . . use of a covered 'auto[.]'" Because the accident did not result from the use of a covered auto, the policy did not insure the subject accident.

Lenwood argues ambiguity because the "Designated Insured Endorsement" includes Gill & Sandhu as an additional insured and Turner as a "rated driver." However, we fail to see how the inclusion creates any ambiguity regarding the other independent qualifier for coverage – use of a covered auto.

## CONCLUSION

For the foregoing reasons, we affirm the Lawrence Circuit Court's August 23, 2019 order granting Progressive's motion for summary judgment.


ALL CONCUR.

-5-

BRIEFS FOR APPELLANTS:      BRIEF FOR APPELLEE
PROGRESSIVE NORTHERN
INSURANCE COMPANY:

Gregory L. Smith
Anna S. Rueff
Louisville, Kentucky      William J. Baird, IV
Pikeville, Kentucky